**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | Criminal Action No. 13-58 |
| | ) | |
| BRANDON THOMPSON, | ) | Judge Cathy Bissoon |
| | ) | |
| Defendant. | ) | |

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | Criminal Action No. 13-61 |
| | ) | |
| SANTINO DREW, | ) | Judge Cathy Bissoon |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM ORDER

"The court may order that separate cases be tried together as though brought in a single indictment or information if all offenses and all defendants could have been joined in a single indictment or information." Fed. R. Crim. P. 13; see also United States v. Weber, 437 F.2d 327, 331 (3d Cir. 1970) ("[Rule 13] grants the trial court wide discretion to consolidate indictments, provided that all the counts could have been joined in a single indictment under Rule 8."). Under Rule 8, defendants can be joined in one indictment "if they are alleged to have participated in the same act or transaction, or in the same series of acts or transactions, constituting an offense or offenses." Fed. R. Crim. P. 8(b).

Defendant Thompson argues that because it is not alleged that he and Defendant Drew had direct, conspiratorial contact with one another, they could not have been charged under the same indictment. That simply is not the case. Both defendants are charged with participating in

a large conspiracy to distribute heroin, in connection with Jay Germany and the "Uptown Gang." As both Mr. Thompson and Mr. Drew are alleged to have supplied Mr. Germany with heroin, charges could have been brought against them both in the same indictment. See United States v. Thornton, 1 F.3d 149, 153 (3d Cir. 1993) (finding joinder under Rule 8 proper when "all three defendants were charged with participating in a single overarching drug conspiracy"); United States v. Nerlinger, 862 F.2d 967, 973 (2d Cir. 1988) (finding joinder proper under Rule 8 when defendants were charged with conspiracy, even though the defendants' cases were factually distinct and defendants were not alleged to have had any agreement with each other).

      Defendant Drew argues that he would be prejudiced by the joinder, because Defendant Thompson is charged with a firearms offense, and there may be evidence presented that he used that firearm to shoot another person. While Rule 14 permits a Court to order separate trials if consolidation "appears to prejudice a defendant," the Court disagrees that separate trials are necessary in this case. Fed. R. Crim. P. 14. Leaving aside for the moment that all the parties involved in this case, including the Government, agree that to the best of their knowledge, Defendants Thompson and Drew had no contact between them, and the Court struggles to see how the alleged firearms offense of one could possibly be attributed to the other, the Court finds that any potential risk of prejudice to Mr. Drew can be cured by limiting instructions. See Zafiro v. United States, 506 U.S. 534, 540 (1993) (finding that limiting instructions will "often suffice to cure any risk of prejudice" resulting from joinder, as "juries are presumed to follow their instructions"). Moreover, any such risk here is far outweighed by the interests of judicial economy. See United States v. Eufrasio, 935 F.2d 553, 568 (3d Cir. 1991) ("The public interest in judicial economy favors joint trials where the same evidence would be presented at separate trials of defendants charged with a single conspiracy.").

For the reasons stated above, the Government's Motions to Consolidate in Criminal Action Nos. 13-58 (Doc. 347) and 13-61 (Doc. 319) are hereby **GRANTED** insofar as they seek joinder of Criminal Action Nos. 13-58 and 13-61.

To the extent that there exists Rule 16 discovery that has not been supplied to counsel, as it relates to the instantly joined codefendants, the Government must supply that material on or before **December 3, 2014.** In addition, to the extent that this joinder creates, in the opinion of defense counsel, a need to file additional pre-trial motions **stemming from the consolidation of the cases only**, the deadline for those motions is **December 22, 2014.** The Government's response to any such motion is due on or before **December 31, 2014**. The Amended Final Pretrial Order in Criminal Action No. 13-58 shall govern Criminal Action No. 13-61.

November 13, 2014           s\Cathy Bissoon
                                                  Cathy Bissoon
                                                  United States District Judge

cc (via ECF email notification):

All Counsel of Record